IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jabari Dozier, | ) | |
| | ) | C.A. No. 3:09-2309-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Linda Sanders; Leroy Cartledge; | ) | |
| Dennis Part; Sharon Patterson; | ) | |
| Anthony Padula; Laura Miller; | ) | |
| Bruce Oberman; Ronald Cribb; | ) | |
| Gloria Davis; Norberto Gordon; | ) | |
| Clinton McConico; and E. Mims, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The *pro se* Plaintiff[1], Jabari Dozier, filed this action alleging various causes of action claiming that Defendants violated his due process rights, used excessive force against him, subjected him to unconstitutional conditions of confinement, denied him access to the courts, and retaliated against him for filing lawsuits.

The Magistrate Judge's Report and Recommendation [Doc. 50], filed on February 04, 2011, recommends that Plaintiff's Motion for Default Judgment [Doc. 31], Motion for Preliminary Injunction [Doc. 39], and Motion for Summary Judgment [Doc. 44] be denied. It is also recommended that Defendants' Motion for Summary Judgment [Doc. 28] be granted. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

---

[1] At the time of filing this lawsuit, Plaintiff was an inmate of the South Carolina Department of Corrections ("SCDC").

1

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

After reviewing the Magistrate Judge's Report and Recommendation, the record, the applicable law and Mr. Dozier's objections, the court adopts the Magistrate Judge's Report and Recommendation, grants Defendant's Motion for Summary Judgment [Doc. 28] and denies Mr. Dozier's Motion for Default Judgment [Doc. 31], Motion for Preliminary Injunction [Doc. 39], and Motion for Summary Judgment [Doc. 44].

## DISCUSSION

**I.     Summary Judgment Standard**

Federal Rule of Civil Procedure 56(a) states:

A party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

**II.     Analysis**

Mr. Dozier timely filed objections to the Magistrate Judge's Report and Recommendation. [Doc. 56].

Mr. Dozier initially objects to the Magistrate Judge's conclusion that he failed to exhaust his administrative remedies with respect to grievance numbers LCI 2017-08, LCI 2019-08, LCI 2398-08, LCI 2437-08, LCI 2604-08, LCI 3552-08, LCI 0031-09, and LCI 0032-09.  Mr. Dozier argues that the Magistrate Judge erroneously relied solely on the affidavit of Ms. Mary Coleman, Director of Inmate Grievances for SCDC, to arrive at his conclusion that he had not exhausted remedies with respect to these grievances. [Doc. 56, at 2].  Mr. Dozier also argues that since Ms. Coleman's affidavit was not accompanied by the South Carolina Department of Correction's ("SCDC") grievance policies, this absence of SCDC procedures "impedes the Court's ability to determine what grievance procedures were available or violated by myself."  [Doc. 56, at 2]."  The court disagrees with this argument because a review of the Coleman affidavit reveals that Ms. Coleman referred to the SCDC policy - GA-01.12, Inmate Grievance System - with which Mr. Dozier was required to comply in order to properly exhaust his remedies.  Since the evidence indicates that Mr. Coleman did not comply with the cited policy, the court adopts the Magistrate Judge's conclusion that the claims related to these grievances should be dismissed. [Doc. 50, at 6].

Mr. Dozier next objects to the Magistrate Judge's conclusion that his due process claims concerning his disciplinary hearings are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) since "*Heck* precludes a § 1983 claim in a prison disciplinary hearing which has not been previously invalidated, where the challenge would necessarily imply the invalidity of good-time credits." [Doc. 50, at 7] (citing *Heck*, 520 U.S. at 486-87).  Despite what the court discerns as Mr. Dozier's

4

objection to this conclusion (that the Magistrate Judge failed to assess whether the sanctions imposed in hearing 57 imposed hardships [Doc. 56, at 3]), the court adopts the Magistrate Judge's conclusion because the record indicates that Mr. Dozier has failed to demonstrate that his disciplinary hearings have been invalidated. [Doc. 50, at 7].  The Magistrate Judge continued by stating that even if Mr. Dozier's due process claims were not barred, he still failed to show that Defendants violated his rights. [Doc. 50, at 7].  Mr. Dozier objects to this conclusion by arguing that his disciplinary detention is distinguishable from the detention involved in *Sandin v. Conner*, 515 U.S. 472, 483 (1995) because his "disciplinary detention seg. [sic] sentence was 12 times (360) days that of Conner's 30 days confinement." [Doc. 56, at 3].  But as the Magistrate Judge concluded, Mr. Dozier has not established that his discipline "impose[d] [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." [Doc. 50, at 8] (citing *Sandin*, 515 U.S. at 483).  Furthermore, because Mr. Dozier "received written notice of the charges at least twenty-four hours prior to the hearings . . . was provided a written statement by the factfinder as to the evidence relied on and reasons for the  . . . actions taken . . . [and] received counsel substitute . . . ." Mr. Dozier was therefore afforded the due process protections to which he was entitled. [Doc. 50, at 8]; *see Wolff v. McDonnell*, 418 U.S. 539, 563-76 (1974).

Mr. Dozier next objects to the Magistrate Judge's conclusion concerning his "Custody Placement."  Mr. Dozier's central objection is that his conditions of confinement violated the Eighth Amendment. [Doc. 56, at 5-6].  Mr. Dozier argues that the Magistrate Judge erroneously conducted his analysis in the context of the Fourteenth Amendment.  [Doc. 56, at 6].  The Magistrate Judge makes two conclusions concerning this argument: 1) that Mr. Dozier failed to exhaust his administrative remedies as to these claims, and 2) that Mr. Dozier failed to establish that his

5

constitutional rights were violated by his placements. [Doc. 50, at 9-10]. Mr. Dozier failed to object to the Magistrate Judge's conclusion that these claims should be dismissed because of his failure to exhaust his administrative remedies. Therefore, the court adopts the Magistrate Judge's conclusion in part one, "Exhaustion of Administrative Remedies," that these claims should be dismissed without conducting constitutional analysis of the merits of his claims.

Mr. Dozier next objects to the Magistrate Judge's conclusion that, for equal protection purposes, he is not a member of a suspect class who must "prove that the distinction between himself and other inmates was not reasonably related to some penological purpose." [Doc. 50, at 11-12] (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Mr. Dozier's objection is that he, as an inmate at SMU, "received only two bars of (3 oz.) soap a month and no shampoo" while "indigent inmates in general population receive 3 bars of (3 oz.) soap . . . ." [Doc. 56, at 6]. Under the equal protection rational basis standard that applies here, since Mr. Dozier does not claim to be a member of a suspect class, prison officials need only provide a sound reason for their policies in order to survive rational basis review. [Doc. 50, at 11-12] (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Defendant Oberman stated that "inmates in SMU are given two ample bars of soap each month [but] are not given shampoo bottles because of a history of inmates using them to throw waste or other materials." [Doc. 50, at 12]. Accordingly, Defendants provided a rational basis for their policies and procedures.

Mr. Dozier also objects to the Magistrate Judge's conclusion that Defendants did not use excessive force in violation of his Eighth Amendment rights. [Doc. 50, at 12-15]. Mr. Dozier argues that the Magistrate Judge failed to view the facts in a light most favorable to him. [Doc. 56, at 7]. This court disagrees. The Magistrate Judge conducted a thorough review of both the record and the

law to arrive at his conclusions. After reviewing the record, the court agrees with the Magistrate Judge's conclusion that "there was a necessity— in each incident" especially because "as to each incident, [Mr. Dozier] disregarded a direct order to comply with institutional rules and mandates." [Doc. 50, at 13-14]. The court also agrees with the Magistrate Judge's conclusion because it is based on the fact that the force used was "proportionate" and justified, especially considering Mr. Dozier's own admissions concerning his actual conduct. [Doc. 50, at 13-14]. Mr. Dozier also argues that Defendants used an "abnormally high amount of pepperspray . . . ." [Doc. 56, at 7]. The Magistrate Judge arrived at a different conclusion, and based on a thorough review of Mr. Dozier's SCDC medical records found that Mr. Dozier suffered no more than *de minimis* injuries. This court has reviewed those same records and adopts the Magistrate Judge's conclusion. [Doc. 50, at 12-15].

Mr. Dozier next argues that Defendants violated his Eighth Amendment rights during his confinement in SuperMax. Mr. Dozier argues that he "was deprived of basic identifiable human needs" and that the allegedly unconstitutional conditions in which he was confined "were . . . wholly without penological purpose." [Doc. 56, at 7-8]. After discussing the applicable law, the Magistrate Judge concluded that "[p]laintiff fails to establish a constitutional claim because he has not shown (or even alleged) any serious or significant physical or emotional injury resulting from the alleged conditions." [Doc. 50, at 16]. The Magistrate Judge based this conclusion on statements submitted by Defendants in which Defendant Oberman averred that cell temperatures were "kept between 62 and 72 degrees," and that "cell cleaning supplies were given out two to three times per week." [Doc. 50, at 16]. In addition, Defendant Oberman avers that inmates are given soap and shampoo, and they are provided with "out-of-cell recreation unless they fail to comply with institutional rules" in

which case they are provided with in-cell recreation." [Doc. 50, at 16-17]. These statements together with Mr. Dozier's admissions that he received a jacket, blanket and shampoo make it evident that Mr. Dozier's constitutional claim fails because he has not established the "serious or significant physical or emotional injur[ies]" necessary to give rise to an Eighth Amendment claim. [Doc. 50, at 16].

Mr. Dozier's next objection concerns the Magistrate Judge's conclusion that he was not denied access to the courts. Mr. Dozier argues that the prison library resources are inadequate and that "the library does not have the cases essential for inmate [sic]; nor are any efforts being made to accommodate the cases, in which are known to be needed." [Doc. 56, at 10]. To state a claim for denial of access to the courts, Mr. Dozier must establish that his "right of access to the courts" was impeded or "hindered." [Doc. 50, at 19] (citing *Lewis v. Casey*, 518 U.S. 343 (1996)). As the Magistrate Judge noted, Mr. Dozier's access has been anything but impeded because "Plaintiff has filed numerous lengthy pleadings in this action and was able to file numerous grievances at SCDC." [Doc. 50, at 20]. For this reason, and because Mr. Dozier has not established an "actual injury" the court adopts the Magistrate Judge's conclusion with respect to this claim.

As for Mr. Dozier's respondeat superior claims, the Magistrate Judge noted that "[t]he doctrine of respondeat superior generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action." [Doc. 50, at 20] (citing *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978)). Despite his objection that "Defendants Padula, Oberman, and Cribb are liable to me for failing to perform their duties as supervisors to ensure [his] safety from pervasive and substantial harm," Mr. Dozier has not established that these Defendants "acted <u>personally</u> in the

8

deprivation of his rights." [Doc. 50, at 20] (emphasis added); *see also Fisher v. Washington Metro Area Transit Auth.*, 690 F.2d 1133, 1142-43 (4th Cir. 1982).

Finally, despite Mr. Dozier's objection that he is suing Defendants in their individual capacities, Defendants are entitled to qualified immunity for the reasons explained above and in the Magistrate Judge's Report and Recommendation. Mr. Dozier has failed to establish that "Defendants violated any of his clearly established constitutional or statutory rights." [Doc. 50, at 23].

## CONCLUSION

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation [Doc. 50]. It is therefore **ORDERED** that Plaintiff's Motion for Default Judgment [Doc. 31], Motion for Preliminary Injunction [Doc. 39], and Motion for Summary Judgment [Doc. 44] are **DENIED**. Furthermore, Defendants' Motion for Summary Judgment [Doc. 28] is **GRANTED**.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

Greenville, South Carolina
March 9, 2011